CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Elliott Montgomery, Esq., SBN 279451
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
elliottm@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**, | **Case No.** 2:21-cv-01763-WBS-AC |
|      Plaintiff, | |
| v. | **First Amended Complaint for Damages and Injunctive Relief for Violations of:** American's with Disabilities Act; Unruh Civil Rights Act |
| **Russell Motorsports, Inc.**, a California Corporation; | |
|      Defendants. | |

Plaintiff Chris Langer ("Plaintiff") complains of Russell Motorsports, Inc., a California Corporation; ("Defendant"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a disabled individual and a member of a protected class of persons under the Americans with Disabilities Act. Plaintiff is profoundly hard of hearing and needs closed captioning to consume audio content such as movies, videos or tutorials. Plaintiff is a California resident.

2. Defendant Russell Motorsports, Inc. ("Russell Motorsports, Inc.") owned or operated Placerville Speedway located in El Dorado County in

1

August 2021.

3.    Defendant Russell Motorsports, Inc. ("Russell Motorsports, Inc.") owns or operates Placerville Speedway located in El Dorado County currently.

4.    Defendant Russell Motorsports, Inc. owns the Placerville Speedway website, with a root domain of: https://www.placervillespeedway.com/, and all related domains, sub-domains and/or content contained within it, ("Website") in August 2021.

5.    Defendant Russell Motorsports, Inc. owns the Website currently.

6.    Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, is responsible in some capacity for the events herein alleged or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants are ascertained.

**JURISDICTION & VENUE:**

7.    The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA")

8.    This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367 because Plaintiff's Unruh claims are formed from the same case and/or controversy and are related to Plaintiff's ADA claims. A violation of the ADA is a violation of Unruh. (Cal. Code §51(f).

9.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(b). Defendant is subject to personal jurisdiction in this District due to its business contacts

with the District.

**FACTUAL ALLEGATIONS:**

10. Plaintiff is hard of hearing and is a member of a protected class under the ADA.

11. Plaintiff relies on subtitles and closed captioning to hear audio in recorded content.

12. Russell Motorsports, Inc. operates privileges, goods or services out of a physical location in California. These services are open to the public, places of public accommodation, and business establishments.

13. The Website is a nexus between Russell Motorsports, Inc. customers and the terrestrial based privileges, goods or services offered by Russell Motorsports, Inc.

14. Russell Motorsports, Inc. offers videos on its Website to induce customers to purchase its goods or services. Websites and videos are some of the facilities, privileges, or advantages offered by Defendants to patrons of Russell Motorsports, Inc.

15. Plaintiff was a prospective customer who wished to access Defendant's goods or services.

16. Plaintiff visited the Website in August 2021 to look for information whether the Speedway had opened to the public.

17. When Plaintiff attempted to view video content on the Website, he discovered that the videos lacked closed captioning, which made him unable to fully understand and consume the contents of the videos.

18. Plaintiff experienced difficulty and discomfort in attempting to view videos including: "March 27, 2021 Racing Highlights" and "Placerville Commercial". As a result of this inaccessibility, he was deterred from further use of the Website.

3

19. Despite multiple attempts to access the Website using Plaintiff's computer, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered by Defendants as a result of the accessibility barriers.

20. Plaintiff personally encountered accessibility barriers and has actual knowledge of them.

21. By failing to provide an accessible Website, the Defendants denied Plaintiff full and equal access to the facilities privileges or advantages offered to their customers.

22. Plaintiff has been deterred from returning to the Website as a result of these prior experiences.

23. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

24. If the Website had been constructed equally accessible to all individuals, Plaintiff would have been able to navigate the Website and avail himself of its goods and/or services.

25. Additionally, Plaintiff is a tester in this litigation and seeks future compliance with all federal and state laws.

26. The barriers identified above violate easily accessible, well-established industry standard guidelines for making digital content accessible to people with hearing-impairments to access websites. Given the prevalence of websites that have implemented these standards and created accessible digital content, it is readily achievable to construct an accessible website without undue burden on Russell Motorsports, Inc.  or a fundamental alteration of the purpose of its Website.

27. Compliance with W3C Web Content Accessibility Guidelines ("WCAG") 2.0 AA standards is a viable remedy for these deficiencies and a standard that has been adopted by California courts for website accessibility.

4

28. It's been established that failure to remove inaccessible website conditions violates the ADA and California law and requiring compliance with industry access standards is a remedy available to the Plaintiff.

29. The Website content was intentionally designed, and based on information and belief, it is the Defendants', policy and practice to deny Plaintiff access to the Website, and as a result, deny the goods and services that are otherwise available to patrons of Russell Motorsports, Inc.

30. Subsequent to the filing of this action, and as of the date of filing of this First Amended Complaint, Defendants have removed the above inaccessible videos from their website.

31. Defendant has modified its Website to include the following statement directly below the embedded videos Plaintiff initially encountered: "**Please Note:** the videos included here are simply linked to the respective third party entity. Placerville Speedway has no control over the captioning level and quality of these videos. At the time they were posted, all videos had full captioning. The videos are owned by the individual entities supplied in the video. If you have questions regarding the videos, please contact them directly."

32. On information and belief, Defendant has a practice of embedding videos to its Website from other sources that do not consistently provide captioning and are inaccessible. As a result of that practice, the barrier that Plaintiff encountered is likely to recur.

33. On information and belief, Defendant does not have a policy or procedure in place to ensure that the videos that it offers on its Website as a privilege to its customers are accessible.

34. Due to the failure to construct and operate the Website in line with industry standards, Plaintiff has been denied equal access to Defendant's Fair and the various goods, services, privileges, opportunities and benefits offered

1   to the public by Russell Motorsports, Inc.

2   35. Closed captioning can be provided at little cost, sometimes free or mere

3   dollars per minute of video content.

4   36. Given the nature of the barriers and violations alleged herein, the

5   Plaintiff alleges, on information and belief, that there are other violations and

6   barriers on the Website that relate to his disability. In addition to the barriers

7   he personally encountered, Plaintiff intends to seek removal of all barriers on

8   the Website that relate to his disability. See *Doran v. 7-Eleven* (9th Cir. 2008)

9   524 F.3d 1034 (holding that once a plaintiff encounters one barrier, they can

10   sue to have all barriers that relate to their disability removed regardless of

11   whether they personally encountered the barrier).

12   37. Plaintiff will amend the complaint, to provide further notice regarding

13   the scope of the additional demanded remediation in the event additional

14   barriers are uncovered through discovery. However, please be on notice that

15   the plaintiff seeks to have all barriers related to his disability remedied.

16

17   **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

18   **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

19   Defendants.) (42 U.S.C. section 12101, et seq.)

20   38. Plaintiff re-pleads and incorporates by reference, as if fully set forth

21   again herein, the allegations contained in all prior paragraphs of this

22   complaint.  Defendant is a public accommodation with the definition of Title

23   III of the ADA, 42 USC § 12181.

24   39. The Website provided by the Defendant is a service, privilege or

25   advantage and extension of Russell Motorsports, Inc. physical presence and

26   terrestrial services.

27   40. When a business provides services such as a website, it must provide an

28   accessible website.

6

41. Here, access to an accessible website was not provided and Defendants have not instituted a policy or procedure to maintain their Website as accessible. A failure to provide an accessible website is unlawful discrimination against persons with disabilities.

42. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. *See*: 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows: "A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii)."

43. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

44. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

45. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal.

7

1  Civ. Code §51(b).

2  46. The Unruh Act provides that a violation of the ADA is a violation of the
3  Unruh Act. *Cal. Civ. Code* § 51(f).

4  47. Defendants' acts and omissions, as herein alleged, have violated the
5  Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's
6  rights to full and equal use of the accommodations, advantages, facilities,
7  privileges, or services offered.

8  48. Because the violation of the Unruh Civil Rights Act resulted in difficulty,
9  discomfort or embarrassment for the plaintiff, the defendants are also each
10  responsible for statutory damages, i.e., a civil penalty. *Cal. Civ. Code* §
11  55.56(a)-(c).

12  49. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights
13  set forth and incorporated therein, Plaintiff requests relief as set forth below.

14

15  **PRAYER**:

16  Wherefore, Plaintiff prays that this Court award damages and provide
17  relief as follows:

18  1. A Declaratory Judgment that at the commencement of this action
19  Defendants were in violation of the requirements of the ADA due to
20  Defendants' failures to take action to ensure that its websites were fully
21  accessible to and independently usable by hearing-impaired individuals,
22  including providing closed-captioning on all video content containing audio
23  elements.

24  2. For equitable nominal damages for violation of civil rights. See
25  Uzuegbunam v. Preczewski, 141 S.Ct. 792 (2021) and any other equitable
26  relief the Court finds appropriate.

27  3. Pursuant to 42 U.S.C § 12181, a preliminary and permanent injunction
28  enjoining Defendants from violating the ADA with respect to its Website,

including a requirement that all current and future audio-video content be closed captioned at the time of posting to its Website.

4. Damages under the Unruh Civil Rights Act § 51[1], which provides for actual damages and a statutory minimum of $4,000 for each offense.

5. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and *Cal. Civ. Code* § 52.


Dated: February 16, 2022        CENTER FOR DISABILITY ACCESS


                                By:   /s/ Elliott Montgomery

                                Elliott Montgomery, Esq.
                                Attorney for Plaintiff

---

[1] Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

First AmendedComplaint                              2:21-cv-01763-WBS-AC