UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHRIS LANGER,<br><br>        Plaintiff,<br><br>   v.<br><br>RUSSELL MOTORSPORTS, INC., a California Corporation,<br><br>        Defendant. | No. 2:21-cv-01763 WBS AC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

----oo0oo----

Plaintiff Chris Langer brought this action against Russel Motorsports, Inc. for alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq., and violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. (First Am. Compl. ("FAC") (Docket No. 10).)  Defendant now moves to dismiss plaintiff's FAC in its entirety under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Docket No. 14.)[1]

---

[1] Defendant submitted a request for judicial notice of documents including screenshots of various webpages, business information from the California Secretary of State, and physical

1

I.    Factual Background

Plaintiff is "profoundly hard of hearing" and relies on closed captioning to understand audio in video content. (FAC at ¶ 1.)  Defendant owns and operates the Placerville Speedway, a dirt track auto racing facility in El Dorado County.  (Id. at ¶¶ 2-3.)  In connection with its brick-and-mortar business, defendant operates a website at https://www.placervillespeedway.com.  (Id. at ¶ 4-5.)

In August 2021, plaintiff alleges he visited defendant's website "to look for information [about] whether the Speedway had opened to the public."  (Id. at ¶ 16.)  Plaintiff alleges that when attempting to view two videos, titled "March 27, 2021 Racing Highlights" and "Placerville Commercial," he discovered they lacked closed captioning, rendering him unable to fully understand their content.  (Id. at ¶¶ 16-17.)  The parties agree that the videos were uploaded to YouTube by third parties and defendant then embedded the videos within its website.  (Id. at ¶ 32; Mem. ISO of Mot. to Dismiss ("Mot. to Dismiss") at 4 (Docket No. 14-1); Opp'n at 5-6 (Docket No. 15).)

II.   Mootness of ADA Claim

Injunctive relief is the only form of relief available in a private action for violation of the ADA's Title III, and therefore a "defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim."  Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th

---

addresses.  (Docket No. 14-2.)  The court does not rely on any of the items in the request in deciding defendant's motion, and therefore the request is DENIED AS MOOT.

2

1 Cir. 2011). Here, it is undisputed that either the videos have
2 been removed from the website or closed captioning has been added
3 to them.[2] (Mot. to Dismiss at 15; Decl. of Kami Arnold ("Arnold
4 Decl.") at ¶ 15 (Docket No. 14-3); (Docket No. 6).)

5      The FAC includes no allegations to sufficiently support
6 the inference that the ADA violation could "reasonably be
7 expected to recur." Friends of the Earth, Inc. v. Laidlaw Envtl.
8 Servs. (TOC), Inc., 528 U.S. 167, 190 (2000). To the contrary,
9 Kami Arnold, the Chief Financial Officer and Secretary of
10 defendant, has submitted a declaration stating that defendant
11 contacted the hosts of the YouTube videos embedded into
12 defendant's website to confirm that the closed captioning will
13 remain intact. (Arnold Decl. at ¶ 16.) Arnold also states that
14 defendant "has no intention to remove the captioning" from the
15 specified videos or any other videos on its website. (Id.)[3]

---

[2] The FAC alleges that defendant "removed the above inaccessible videos" from its website and plaintiff states the same in his opposition to defendant's motion. (FAC ¶ 30; Opp'n at 15.) However, in an email to defendant's counsel, plaintiff's counsel states that defendant has enabled closed captioning on the videos, and does not mention anything about removal of the videos. (Decl. of Lucas M. Sprenkel, Ex. B (Docket No. 14-4) ("My client appreciates that the videos you linked do now offer closed captioning.") Regardless of whether the videos were modified to include closed captioning or completely removed, the parties agree that the alleged ADA violation no longer exists on defendant's website.

[3] The court notes that in Langer v. Zoological Society of San Diego, No. 20-cv-2227-AJB-BGS, 2021 WL 254203, at *1 (S.D. Cal. Jan. 26, 2021), a nearly identical case, plaintiff filed a non-opposition to a motion to dismiss based on lack of subject matter jurisdiction in which the defendant argued the ADA claim was moot because closed captioning was added to the subject videos. Plaintiff provides no explanation for his non-opposition in that case and his opposition here when the facts are substantially similar.

3

1         Accordingly, plaintiff's ADA claim will be dismissed.
2  III. Unruh Civil Rights Act Claim
3         When the federal claims upon which a federal court's
4  subject-matter jurisdiction is predicated are dismissed before
5  trial, the court has discretion as to whether it will continue to
6  exercise supplemental jurisdiction over any pendant state law
7  claims.  Satey v. JPMorgan Chase & Co., 521 F.3d 1087, 1091 (9th
8  Cir. 2008) ("The decision whether to continue to exercise
9  supplemental jurisdiction over state law claims after all federal
10 claims have been dismissed lies within the district court's
11 discretion.").
12        In determining how to exercise this discretion, the
13 court should consider judicial economy, convenience, fairness,
14 and comity.  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351
15 (1988).  The Supreme Court has observed that "in the usual case
16 in which all federal-law claims are eliminated before trial, the
17 balance of factors . . . will point toward declining to exercise
18 jurisdiction over the remaining state-law claims."  Id. at 350
19 n.7.
20        There is no evidence to suggest that this case is
21 anything but the "usual" case referenced in Carnegie-Mellon
22 Univ., 484 U.S. 343.  This litigation is at an early stage.  No
23 trial date has been set and no dispositive motions have been
24 noticed or adjudicated.  Therefore, there is no judicial economy
25 to be gained by exercising continued jurisdiction over
26 plaintiff's state law claim.  The state court is equally
27 competent to hear the remaining state law claim and may have a
28 better understanding of the relevant state law.  Both the state

4

and federal fora are equally convenient for the parties, and there is no reason to doubt that the state court will provide an equally fair adjudication of the plaintiff's claim.

Accordingly, the court declines to exercise supplemental jurisdiction over plaintiff's Unruh Civil Rights Act claim and will grant defendant's motion to dismiss it without prejudice to refiling in state court.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Docket No. 14) be, and the same hereby, is GRANTED, and this action is hereby DISMISSED, without prejudice to plaintiff's right to refile his remaining state law claim in state court.

Dated: April 12, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE